UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

REVEREND GARVIS GORDON JEFFREY,

    -against-

CITY OF NEW YORK *et al.,*

    Defendants.

----------------------------------------------------------------X

MEMORANDUM & ORDER

06-CV-2917 (NGG)

NICHOLAS G. GARAUFIS, U.S. District Judge.

    Plaintiff Garvis Gordon Jeffrey ("Plaintiff" or "Jeffrey") brings this action pursuant to 42 U.S.C. § 1983, alleging that the City of New York and Officer Arnulfo[1] Castillo falsely arrested Plaintiff. Plaintiff alleges that, on July 24, 2005, he was arrested without cause, detained by Defendant Officer Anthony Castillo and three unnamed New York City police officers employed by defendant city of New York, and assaulted. (Plaintiff's Declaration in Opposition and Argument against Defendant's Motion to Dismiss ("Pl. Reply") at 1.) Defendants seek to dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. For the reasons that follow, the court finds that Plaintiff has failed to prosecute this case and, pursuant to Fed. R. Civ. P. 41(b), dismisses Plaintiff's Complaint in its entirety with prejudice.

    Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, "for failure

---

[1] According to Defendants, Plaintiff incorrectly refers to New York City Police Officer Arnulfo Castillo as Anthony Castillo. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure at 1.)

of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." A district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). Defendants argue that Plaintiff's failure to comply with multiple court Orders warrants dismissal of the case with prejudice.

A court should consider the following five factors in deciding whether to dismiss a claim for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2002). (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). No one factor is dispositive. See Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994). Dismissal is "a harsh remedy to be utilized only in extreme situations." LeSane, 239 F.3d at 209 (internal quotation marks and citation omitted). In the instant case, I find that all five factors merit dismissal.

Defendants argue that, since the inception of this case, Plaintiff has failed to comply with Judge Pohorelsky's Orders to appear for two status conferences, a telephone conference, and multiple discovery deadlines. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Def. Mem.") at 2-4.) Defendants' arguments are supported by the factual record in

2

this case.

Specifically, Plaintiff's counsel failed to serve Defendants, as ordered by the court, with Magistrate Judge Viktor V. Pohorelsky's December 4, 2006 Order setting up a conference on January 8, 2007. (Id. at 2.) He also failed to appear for the scheduled conference, which "prohibit[ed] the Court and defendants from addressing matters important to the case." (Id.) At that January 8, 2007 conference, Judge Pohorelsky ordered Plaintiff's counsel to "show cause in writing, on or before January 18, 2007, why an order should not be entered requiring counsel for the plaintiff to pay the defendant the sum of $150 as a sanction for the plaintiff's counsel's failure to appear." (Id. at 2-3.)

The next conference was scheduled for February 15, 2007. (Id. at 3.) On February 15, 2007, "plaintiff's counsel did not provide the Court with any explanation concerning his failure to appear on January 8, 2007," and accordingly, "plaintiff's counsel was sanctioned in the amount of $150 to cover the costs of attorneys' fees for the appearance of defendants' counsel." (Id.)

Another conference was scheduled for April 20, 2007 at which Plaintiff's counsel again failed to appear. (Id.) Magistrate Judge Pohorelsky specifically put Plaintiff on notice that his failure to comply would result in dismissal. The April 20, 2007 docket entry noted that "as the plaintiff's counsel has failed to appear at two of the three conferences scheduled in the matter, should counsel fail to appear at the next conference the court will recommend dismissal of the action with prejudice." (Docket Entry #11.) At that conference, Judge Pohorelsky issued another Order to Show Cause directing Plaintiff's counsel to appear in person on Monday, May 21, 2007. (Id.) Plaintiff's counsel did not appear and rather stated by letter that, on March 16,

3

2007, he was in an automobile accident and was "confined to home and bed for six weeks." (Id.)

After this conference, Defendants had mailed plaintiff's counsel certain disclosures to the address listed on the docket sheet; however, Plaintiff "apparently moved offices without updating the Court." (Id. at 4.) In addition, Plaintiff has a responsibility to keep the court aware of a changed address. See e.g., Wallace v. Speiget, 04-CV-2821 (DGT), 2005 WL 1544811 n.1 (E.D.N.Y. July 1, 2005); Concepcion v. Ross, 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). The failure to furnish a current address is a factor that supports a dismissal with prejudice. See e.g., Myvett v. Rosato, 03-CV-2370 (LAP) (GWG), 2004 WL 1354254, at *2 (S.D.N.Y. July 20, 2004).

Then, at a May 21, 2007 status conference, Judge Pohorelsky ordered "that discovery shall be completed as follows: a) the plaintiff's document requests and interrogatories shall be served no later than July 6, 2007; b) the plaintiff shall provide authorizations for medical and psychotherapeutic services and serve written answers to defendants' document requests and interrogatories no later than June 20, 2007; c) depositions of factual witnesses shall be completed by October 31, 2007; and d) the plaintiff's expert witnesses shall be identified by September 1, 2007." (Id. at 3.) Judge Pohorelsky also gave Plaintiff "leave to serve and file an[] amended complaint provided that the amended complaint is served and filed by June 20, 2007." (Id.)

Judge Pohorelsky scheduled another telephone status conference for September 7, 2007 at 2:00 p.m. to be initiated by counsel for Plaintiff. (Id.) "In the interim, defendants tried to contact plaintiff's counsel at the number listed on the docket sheet, but that number had been disconnected and provided no further information." (Id.)

Once again, on September 7, 2007, "plaintiff's counsel failed to initiate and be present for the Court Ordered telephone conference" and also failed to serve the ordered document requests and interrogatories. (Id.)

In his response, Plaintiff argues that Defendants "[have] been provided with more than ample discovery in this case." (Def. Mem. at 1.) Defendants note, in response, that they have been provided with *no* discovery in this instant action. (Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Complaint ("Def. Reply") at 3.) Defendants argue that:

> Plaintiff has never provided authorizations for medical and psychotherapeutic services. Plaintiff has never provided initial disclosures. Plaintiff has never responded to defendants' document requests and interrogatories. Simply put, plaintiff blatantly failed to comply with Judge Pohorelsky's Order dated May 21, 2007. Moreover, plaintiff's counsel, despite his responsibility to do so, has failed to update the docket sheet with his current information so that neither the Court nor defendants have been able to contact plaintiff. In short, plaintiff has completely failed to prosecute his this [sic] case which has frustrated discovery and unquestionably prevented this case from moving forward.

(Def. Mem. at 4.)

Defendants are correct that Plaintiff has been on notice that his failure to comply would result in dismissal, that Plaintiff has had multiple opportunities to prosecute his case and has chosen not do so, and that Judge Pohorelsky "has already considered a sanction less drastic than dismissal of this action when he sanctioned plaintiff's counsel for failure to appear at the initial conference." (Id. at 6.) "Since the sanction was issued, Plaintiff again failed to appear at a subsequent conference, telephone conference, and failed to comply with any and all of Judge Pohorelsky's discovery schedule." (Id.) Furthermore, Plaintiff's counsel has failed to provide

5

the court with a current address and telephone number.

On Thursday, October 11, 2007, the parties appeared before the court for a pre-motion conference on Defendants' motion to dismiss. Plaintiff's attorney, Anthony C. Emengo, attempted to explain his dilatoriness to the court by stating that, while he was aware of the many court orders, he considered depositions and discovery unnecessary as he thought Defendants had made settlement overtures. As an officer of the court, Mr. Emengo has an obligation to represent the record accurately and truthfully. The court found Mr. Emengo's statements to be contrary to the record and to strain credibility. There is simply no excuse for his blatant disregard of the court's mandates. His statements about possible settlement negotiations are wholly unsupported both by the factual record and by Defendants. Furthermore, although one of his absences was ostensibly due to an automobile accident, Mr. Emengo conceded during the pre-motion conference that he failed to initiate a telephone conference, failed to comply with numerous orders of Judge Pohorelsky's because there was "no need" to, and failed to update his address in the court's electronic filing system.

Plaintiff's counsel, both in court and in his reply memorandum, neglects to offer any valid reason for these stark failures to comply with the Federal Rules of Civil Procedure and a Magistrate Judge's directives. This case presents one of the "extreme situations" where a dismissal for failure to prosecute is appropriate. Given the presumption in Rule 41(b) that a

dismissal "operates as an adjudication on the merits," the dismissal is with prejudice.

For the aforementioned reasons, the court finds that Plaintiff has failed to prosecute this case and, pursuant to Fed. R. Civ. P. 41(b), dismisses Plaintiff's Complaint in its entirety with prejudice. The Clerk of Court is hereby directed to close this case.

SO ORDERED.

Dated: October 16, 2007　　　　　　　　　　　　　　　/s Nicholas G. Garaufis
　　　　Brooklyn, N.Y.　　　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge